IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03298-CMA-KLM

GEORGE A. CASTRO,
LUIS E. CASTRO, and
SHERRON L. LEWIS, JR.,

      Plaintiffs,

v.

KONDAUR CAPITAL CORPORATION,
HEATHER DEERE,
LAW OFFICES OF MICHAEL P. MEDVED, and
MARGARET T. CHAPMAN, in her personal and official capacities,

      Defendants.

_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Jefferson County Public Trustee Margaret T. Chapman's ("Chapman") **Motion to Dismiss** [Docket No. 5; Filed January 30, 2012] ("Chapman's Motion"); on Defendant Heather Deere's ("Deere") **Motion to Dismiss Plaintiffs' Complaint for Damages, Injunctive Relief and Jury Demand Pursuant to Fed. R. Civ. P. 12(b)(6)** [Docket No. 8; Filed February 2, 2012] ("Deere's Motion"); on Defendant Law Office of Michael P. Medved, P.C.'s **Motion to Dismiss Plaintiffs' Complaint for Damages, Injunctive Relief and Jury Demand Pursuant to Fed. R. Civ. P. 12(b)(6)** [Docket No. 11; Filed February 2, 2012] ("Medved's Motion"); and on Defendant Kondaur Capital Corporation's **[Corrected][ ] Motion to Dismiss [Pursuant] to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and Supporting Memorandum of Law** [Docket No. 16; Filed

February 20, 2012] ("Kondaur's Motion").

On March 12, 2012, Plaintiffs filed a joint Response [#28] to Deere's Motion and Medved's Motion (the "Joint Response").  On March 26, 2012, Plaintiffs filed a Response [#33] to Chapman's Motion (the "Response to Chapman"), and on April 2, 2012, they filed a Response [#34] to Kondaur's Motion (the "Response to Kondaur").

On April 9, 2012, Defendant Deere filed a Reply [#37] ("Deere's Reply"), and Defendant Medved filed a Reply [#38] ("Medved's Reply").  On April 13, 2012, Defendant Chapman filed a Reply [#39] ("Chapman's Reply"), and on April 23, 2012, Defendant Kondaur filed a Reply [#45] ("Kondaur's Reply").

The Motions are ripe for review.  Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C.3, the Motions have been referred to this Court for recommendation [#20].  Having reviewed the entire case file and being sufficiently advised, the Court respectfully **RECOMMENDS** that the Motions be **GRANTED**.

## I. Background

Plaintiffs, who proceed in this matter *pro se*, bring this action pursuant to 42 U.S.C. § 1983; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and various state law claims.  In short, Plaintiffs challenge the foreclosure of the property located at 13836 West 76th Place, Arvada, Jefferson County, Colorado (the "Property").  *Compl.* [#1] at 3-4.

According to the Complaint and relevant documents,[1] on September 13, 2006,

---

[1] Normally, when considering a motion to dismiss, the Court must disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment.  *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). The Court may consider documents outside of the complaint on a motion to dismiss in three

Plaintiff Luis Castro executed a promissory note (the "Adjustable Rate Note", or the "Note") in the amount of $799,000 and a deed of trust (the "Deed of Trust") to the Property in favor of National City Bank.[2]  *Compl.* [#1] at 5; *Ex. A to Kondaur's Motion* [#16-1]; *Ex. B to Kondaur's Motion* [#16-2].

On November 17, 2008, National City Bank assigned its interest in the Property to Defendant Kondaur.[3]  *See Ex. C to Response to Kondaur's Motion* [#34] at 22.  The Assignment of Mortgage and Promissory Note was not recorded until February 7, 2011. *See id.*

On November 25, 2008, Defendant Medved, acting on behalf of National City Bank, filed a Notice of Election and Demand for Sale against the Property in the public record of Jefferson County, Colorado, via the public trustee, Defendant Chapman.  *Compl.* [#1] at 6; *Ex. D to Response to Kondaur's Motion* [#34] at 23.  This filing triggered the first foreclosure proceeding against the Property, Foreclosure Sale No. J0803326.  *Id.*

---

instances, however.  First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000).  Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record.  *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).  Third, the Court may consider outside documents that are both central to the plaintiffs' claims and to which the plaintiffs refer in their complaint.  *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).  The Court has examined the numerous documents submitted by the parties in connection with the Motions and has determined that each of the documents cited to in this decision may appropriately be considered by the Court in making its Recommendation on the pending Motions.

[2] On September 28, 2006, the Deed of Trust was recorded by the Jefferson County Clerk and Recorder at reception number 2006117645.  *Compl.* [#1] at 5; *Ex. B to Kondaur's Motion* [#16-2] at 1.  Plaintiff's Complaint states that the reception number is "2001117645," but this appears to be a typographical error.  *Compare Compl.* [#1] at 5 *with Ex. B to Kondaur's Motion* [#16-2] at 1 (stating on the Deed of Trust that the reception number is "2006117645").

[3] Plaintiffs vehemently disagree that this transfer properly occurred, a contention which the Court later addresses.  *See* discussion *infra* Part III.B.

-3-

Defendant Medved then filed a motion seeking authorization from the state of Colorado's Jefferson County District Court (the "State Court") for Defendant Chapman to sell the Property at public auction on behalf of National City Bank. *Id.* at 7.

On January 5, 2009, Plaintiffs claim that they rescinded the loan transaction with National City Bank by filing a Notice to Rescind in the Jefferson County public records. *Id.* at 6; *Ex. K to Response to Kondaur's Motion* [#34] at 37. They claim that they did this "due to a plethora of defects and substandard workmanship related to the completion of Plaintiffs' property and also based on [National City Bank's] failure to comply with the mandatory provisions of the Federal Truth in Lending Act." *Compl.* [#1] at 6. On January 15, 2009, Defendant Medved filed a Withdrawal of Notice of Election and Demand for Sale by Public Trustee in the public records, thus cancelling Foreclosure Sale No. J0803326. *Id.* at 7.

On January 27, 2009, Defendant Medved, acting on behalf of National City Bank, filed a second Notice of Election and Demand for Sale against the property in the public records of Jefferson County, Colorado, via the public trustee, Defendant Chapman. *Compl.* [#1] at 7. Defendant Medved then filed another motion seeking authorization from the State Court for Defendant Chapman to sell the Property at public auction. *Id.* The motion was denied by the court based on defects in the Deed of Trust. *Id.*

In an attempt to correct the errors in the Deed of Trust, Defendant Kondaur brought suit in the State Court, which led to a trial in which Plaintiff George Castro testified. *Ex. A-1 to Chapman's Motion* [#5-1] at 2 (Findings of Fact, Conclusions and Entry of Final Decree of Reformation). On December 14, 2010, the State Court held, in relevant part, that Defendant Kondaur was the successor in interest to National City Bank with respect to the

Deed of Trust on the Property; that the scrivener's error as to the street address listed in the Deed of Trust was to be corrected; that both Plaintiffs Luis Castro and George Castro were to be signatories on the Deed of Trust, retroactively effective as of September 13, 2006; and that Plaintiff Sherron Lewis' ("Lewis") interest in the Property, if any, was subordinate to the interest of Defendant Kondaur.[4]  *Id.* at 2-4.

On an unspecified date prior to January 21, 2011, Defendant Medved filed a third motion seeking authorization from the State Court for Defendant Chapman to sell the Property at public auction.  *Id.* at 8.  A Notice of Hearing was also filed in the public records on an unspecified date, setting "a date for the matter to be heard on [National City Bank's] legal right to foreclose based on a purported default of the payments of such note."  *Id.* The Notice of Hearing stated, in part, "If no response is filed . . . the court may without any hearing authorize foreclosure and public trustee's sale without further notice."  *Id.* at 9. Plaintiffs claim that they never received a copy of the Notice of Hearing and thus had no opportunity to appear and be heard on the matter.  *Id.* at 8.

On January 21, 2011, the State Court granted Defendant Medved's third motion and authorized the sale of the Property on behalf of "National City Bank, its successors and assigns."  *Id.* at 9; *see Ex. E to Kondaur's Motion* [#16-5].

On February 24, 2011, Defendant Medved, acting on behalf of Defendant Kondaur, filed a third Notice of Election and Demand for Sale against the Property in the public

_____

[4]  The State Court took judicial notice of an order issued on August 16, 2010, in State Court case number 2010CV3537, which ordered Plaintiff Sherron Lewis "to convey any and all interest in the Subject Property to George A. Castro and Luis E. Castro."  *Ex. C to Kondaur's Motion* [#16-3] at 3.

records of Jefferson County, Colorado, via the public trustee, Defendant Chapman.[5] *Compl.* [#1] at 7; *Ex. D. to Kondaur's Motion* [#16-4]. Defendant Chapman, "at the behest of Medved," sent Plaintiffs a Combined Notice of Sale and Notice of Rights to Cure and Redeem, which informed Plaintiffs that the Property would be sold at public auction on June 22, 2011. *Id.* at 8. These documents stated that Defendant Medved was "acting as a debt collector attempting to collect a debt." *Id.*

On June 15, 2011, Plaintiff George Castro filed for bankruptcy. *Id.* at 10. On June 28, 2011, Defendant Medved, on behalf of Defendant Kondaur, filed a Motion for Relief from Automatic Stay, which was granted by the bankruptcy court. *Id.*

On November 23, 2011, Defendants Kondaur and Medved commenced the foreclosure sale against the Property. *Compl.* [#1] at 10. The foreclosure was performed by Defendant Chapman through the Office of Public Trustee for Jefferson County. *Id.* at 4, 10. The Property was sold to Defendant Kondaur for $580,000, leaving a deficiency amount of $572,476.46. *Id.* at 11. On December 16, 2011, Plaintiffs filed this action, seeking revocation of the foreclosure, claiming violation of their due process rights and the FDCPA, and bringing state law claims for conspiracy and misrepresentation. *See Compl.* [#1].

On December 20, 2011, the Public Trustee recorded a Confirmation Deed with respect to Foreclosure Sale No. J1100448. *See Ex. F to Kondaur's Motion* [#16-6]. The Confirmation Deed transferred the Property from the Public Trustee to Defendant Kondaur, which had bought the Property at the foreclosure sale. *See id.* On January 30, 2012, the

---

[5] Plaintiffs incorrectly state that this document was filed on January 24, 2011. *See Compl.* [#1] at 7.

State Court issued an Order Approving Sale with respect to the Property. *See Ex. G to Kondaur's Motion* [#16-7].

## II. Standard of Review

### A. Fed. R. Civ. P. 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v.. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on

"evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

**B.     Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a

complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted).

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not shown that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a).  *Iqbal*, 556 U.S. at 679 (quotation marks and citation omitted).

When considering Plaintiffs' Complaint [#1] and Responses [#28, #33, #34], the Court is mindful that it must construe the filings of *pro se* litigants liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing to *Twombly*); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for *pro se* litigants, nor should the Court "supply additional factual allegations to round out [the pro se litigants'] complaint or construct a legal theory on [their] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

**A.**   ***Rooker-Feldman* Doctrine and This Court's Subject Matter Jurisdiction Over All of Plaintiffs' Claims**

Defendants first argue that Plaintiffs' claims should be dismissed pursuant to the *Rooker-Feldman* doctrine because this case is "simply an attempt to have this Court review a properly performed Colorado state foreclosure proceeding."  *Kondaur's Motion* [#16] at

2.

"*Rooker-Feldman* precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgment." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006) (citations omitted). In 2005, the Supreme Court narrowed the scope of the *Rooker-Feldman* doctrine by mandating that it be applied only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). However, a court is not barred from exercising jurisdiction under *Rooker-Feldman* even if a plaintiff attempts to litigate in federal court a matter previously litigated in state court, so long as the plaintiff "presents some independent claim." *Id.* at 293. This is true even if finding in the federal plaintiff's favor "denies a legal conclusion that a state court has reached in a case to which he was a party." *Id.*

Appropriate application of the *Rooker-Feldman* doctrine to a Colorado public trustee foreclosure depends on when the federal action is initiated. *Niederquell v. Bank of Am., N.A.*, No. 11-cv-03185-MSK-MJW, 2012 WL 1578060, at *3 (D. Colo. May 4, 2012). If the foreclosure sale has occurred and the previous purchaser's, owner's, or borrower's rights have been extinguished, then *Rooker-Feldman* prevents the federal court from determining the purchaser's, owner's, or borrower's rights in the sold property. *Dillard v. Bank of N.Y.*, No. 11-1379, 2012 WL 1094833, at *1 n.3 (10th Cir. Apr. 3, 2012). If the foreclosure has not yet occurred when the federal action is initiated, the *Rooker-Feldman* doctrine may not be applied to issues raised in connection with a Colorado Rule 120 foreclosure

determination.  *In re Miller*, 666 F.3d 1255, 1262 n.6 (10th Cir. 2012).

Thus, here, the Court must determine when Plaintiffs' rights in the Property were extinguished.  Pursuant to C.R.S. § 38-38-501, "[u]pon the expiration of all redemption periods allowed to all lienors entitled to redeem under part 3 of this article (mortgagors are no longer entitled to redeem) or, if there are no redemption periods, upon the close of the officer's business day eight business days after the sale, title to the property sold shall vest in the holder of the certificate of purchase."  *See Mayhew v. Cherry Creek Mortg. Co., Inc.*, No. 09-cv-00219-PAB-CBS, 2010 WL 935674, at *10 (D. Colo. Mar. 10, 2012).  In this case, the foreclosure sale occurred on November 23, 2011.  The eighth business day after the sale was at the close of business on December 6, 2011, and title therefore vested in the holder of the certificate of purchase, *i.e.*, Defendant Kondaur, on that day.  *See* C.R.S. § 38-38-501.  Thus, Plaintiffs' rights were extinguished at that time.  Plaintiffs filed this lawsuit on December 16, 2011, ten days after any rights they may have had in the Property were extinguished.  *See Compl.* [#1].  Accordingly, because Plaintiffs' rights were extinguished prior to the filing of this lawsuit, application of the *Rooker-Feldman* doctrine prevents the Court from determining their rights in the sold property.  *See Dillard*, 2012 WL 1094833, at *1 n.3.

With respect to the specific claims in Plaintiffs' Complaint, application of *Rooker-Feldman* leads to the conclusion that the Court is without jurisdiction to provide the declaratory relief sought by Plaintiffs, because Plaintiffs seek a reexamination of their rights in the foreclosed property, *i.e.*, a declaration that "the foreclosure on Plaintiffs' property [is] null and void, *ab initio*, and that any Public Trustee's Certificate or Purchase or Public Trustee's Confirmation Deed and any and all orders resulting from the Rule 120 proceeding

be set aside due to non-compliance with the mandatory notice provisions and due process of law." *See Compl.* [#1] at 20. "Such interference would require this Court to substitute its judgment for [that] of the state court on the issue of property rights, . . . which involves important state interests and looks to state law for their resolution." *Yokomizo v. Deutsche Bank Securities, Inc.*, No. 11-cv-01630-CMA-KLM, 2011 WL 2912691, at *2 (D. Colo. July 20, 2011). Accordingly, the Court **recommends** that Plaintiffs' fifth claim seeking declaratory relief be dismissed.

Similarly, Plaintiffs' fourth claim for violation of their due process rights pursuant to the Fourteenth Amendment should also be dismissed. Plaintiffs allege that their due process rights were violated in the course of the foreclosure. *Compl.* [#1] at 17-19. However, reviewing Plaintiffs' due process claim would impermissibly involve a reexamination of the underlying state court proceedings and judgment, which is barred by application of the *Rooker-Feldman* doctrine. *See Dillard*, 2012 WL 1094833, at *1 (holding that the district court correctly dismissed the plaintiff's due process claim in a foreclosure proceeding for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine). To the extent that Plaintiffs are claiming that the state court erred by permitting these Defendants to proceed with the foreclosure process, "the more appropriate remedy is to pursue an independent action in state court that challenges the [state court's] order authorizing foreclosure and the sale of the property." *Yokomizo*, 2011 WL 2912691, at *2 (citing *Beeler Props. LLC v. Lowe Enterprises Residential Investors, LLC*, No. 07-cv-00149-MSK-MJW, 2007 WL 1346591, at *3 (D. Colo. May 7, 2007)). Accordingly, the Court **recommends** that Plaintiffs' fourth claim for violation of their due process rights be

dismissed.

Next, the Court considers whether the *Rooker-Feldman* doctrine bars the litigation of Plaintiffs' FDCPA claims.  The pertinent question is whether these claims may have been brought in federal court without respect to what occurred in the state court.  *See Amerson v. Chase Home Fin. LLC*, No. 11-cv-01041-WJM-MEH, 2012 WL 1686168, at *10 (D. Colo. May 7, 2012) (citing *Bolden v. City of Topeka*, 441 F.3d 1129, 1145 (10th Cir. 2006)).  In other words, if the claims do not require an "appellate-type" of review of the state court proceedings or judgment, then *Rooker-Feldman* does not apply.  *See id.*

Neither party asserts that Plaintiffs' FDCPA claims were pursued in state court. Therefore, by requesting that this Court determine whether Defendants engaged in abusive debt collection practices prohibited by the FDCPA, Plaintiffs do not seek appellate review of the state court's decisions regarding the foreclosure.  As the Tenth Circuit explained in *Bolden v. City of Topeka*, 441 F.3d at 1143:

> Appellate review—the type of judicial action barred by Rooker-Feldman—consists of a review of the proceedings already conducted by the "lower" tribunal to determine whether it reached its result in accordance with law. When, in contrast, the second court tries a matter anew and reaches a conclusion contrary to a judgment by the first court, without concerning itself with the bona fides of the prior judgment (which may or may not have been a lawful judgment under the evidence and argument presented to the first court), it is not conducting appellate review, regardless of whether compliance with the second judgment would make it impossible to comply with the first judgment.

In addition, the Tenth Circuit has directed that courts should scrutinize the relief sought in order to specifically determine "whether the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress."  *Mo's Express*, 441 F.3d at 1237 (citation omitted).  While Plaintiffs' Complaint requests, in part, that the

-13-

state court judgment in the foreclosure be vacated, Plaintiffs allege that Defendants committed fraud in bringing the foreclosure action and misrepresented the "character and legal status of the debt," and that these alleged actions caused the injury for which Plaintiffs now seek redress pursuant to the FDCPA. *Compl.* [# 1] at 10.

Accordingly, determining whether Defendants violated the FDCPA does not require that this Court concern itself with the bona fides of the prior judgment. *See Kelly v. Wolpoff & Abramson, L.L.P.*, No. 07-cv-00091-EWN-KLM, 2007 WL 2381536, at *3-4 (D. Colo. Aug.17, 2007) (finding that *Rooker–Feldman* did not bar the court from asserting subject matter jurisdiction over FDCPA claims where they were not asserted in state court). The Court finds that the *Rooker–Feldman* doctrine does not bar this Court from asserting subject matter jurisdiction over Plaintiffs' FDCPA claims against Defendants.

Finally, Plaintiff brings state law claims for misrepresentation and conspiracy. As with the FDCPA issues, such claims depend on the *manner* by which Defendants foreclosed on the Property. *See Amerson*, 2012 WL 1686168, at *10. The alleged actions underlying these claims arose before the foreclosure proceeding. Plaintiffs' request for money damages pursuant to these claims is not an attack on a judgment or proceedings that occurred in the state court. *See McDaniel v. John Suthers*, No. 08-cv-00223-WDM-MEH, 2008 WL 4527697, at *6 (D. Colo. Oct. 2, 2008) (quoting *McKithen v. Brown*, 481 F.3d 89, 98 (2d. Cir. 2007) ("[G]iven that [the plaintiff] in federal court seeks redress for an injury that existed in its exact form prior to the state-court judgment, he cannot be complaining of an injury 'caused by' the state court."). Accordingly, the Court finds that the *Rooker–Feldman* doctrine does not bar this Court from asserting subject matter jurisdiction over Plaintiffs' state law claims against Defendants. *See Amerson*, 2012 WL 1686168, at

*10 (citing *Bolden*, 441 F.3d at 1145).

## B.    Failure to State FDCPA Claims

In response to Defendants' Motions to Dismiss the FDCPA claims, Plaintiffs urge the Court to find sufficient allegations in their Complaint to support their claims for violation of five provisions of the FDCPA against each Defendant.  Section 1692e(2)(A) prohibits the false representation of "the character, amount, or legal status of any debt."  Section 1692e(4) prohibits the "representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action."  Section 1692e(5) prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken."  Section 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  Section 1692f(1) prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

As Plaintiffs repeatedly state, these claims are all <u>solely</u> premised on Plaintiffs' assertion that Defendant Kondaur had no legal interest in the Property which would permit it to foreclose on the Property.  *See Response to Kondaur's Motion* [#34] at 5-6 ("[I]f Kondaur did not have the ownership purported, then the litany of violations of the [FDCPA] would indeed be applicable."); *Joint Response* [#28] at 4 (same, with respect to FDCPA claims against Defendants Deere and Medved); *Response to Chapman* [#33] ("It is Plaintiffs' firm belief that Kondaur did not own the subject loan.  If Plaintiffs prevail on such

a theory, Defendant Chapman would be liable under [the FDCPA] . . . .").

Defendants argue that the State Court already determined that Defendant Kondaur had a legal interest in the Property.[6] *See, e.g.*, *Kondaur's Motion* [#16] at 9. Issue preclusion, or collateral estoppel, "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if that issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citation omitted). This doctrine minimizes the possibility of inconsistent decisions. *Id.* Collateral estoppel is "the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 376 n.1 (1985). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In other words, "[w]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970).

---

[6] Although the parties raise the specter of collateral estoppel, they do not actually argue the elements of the doctrine. Regardless, if a court is on notice that an issue presented in the case has been previously decided, it may raise the doctrine *sua sponte*. *See United States v. Sioux Nation of Indians*, 448 U.S. 371, 432 (1980).

It is well to remember that *res judicata* and its offspring, collateral estoppel, are not statutory defenses; they are defenses adopted by the courts in furtherance of prompt and efficient administration of the business that comes before them. They are grounded on the theory that one litigant cannot unduly consume the time of the court at the expense of other litigants, and that, once the court has finally decided an issue, a litigant cannot demand that it be decided again.

*Id.* at 433 (quoting *Warthen v. United States*, 157 Ct. Cl. 798, 800 (1962).

-16-

Ample precedent justifies consideration of the applicability of collateral estoppel to claims based on Defendant Kondaur's legal interest in the Property. "In considering collateral estoppel, we must first determine whether to apply federal or state law." *Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation*, 975 F.2d 683, 687 (10th Cir. 1992). Here, Colorado state law controls because the ruling Defendants seek to have enforced was entered in a Colorado state court. *See id.* In Colorado, collateral estoppel bars relitigation of an issue if:

> (1) the issue sought to be precluded is identical to an issue actually and necessarily determined in a prior proceeding; (2) the party against whom estoppel is asserted was a party to or is in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*In re Tonko*, 154 P.3d 397, 405 (Colo. 2007).

Turning to the facts of this case, the issue of whether Defendant Kondaur had a legally-cognizable interest in the Property was determined by the State Court, and thus "the issue sought to be precluded is identical to an issue actually and necessarily determined in a prior proceeding." *See Ex. A-1 to Chapman's Motion* [#5-1] at 2 (Findings of Fact, Conclusions and Entry of Final Decree of Reformation); *In re Tonko*, 154 P.3d at 405. The State Court judge found that Defendant Kondaur had an interest in the Property as successor to National City Bank's interest, and the judge further ruled that any interest by Plaintiff Lewis was subordinate to Defendant Kondaur's interest.[7] *Id.*

Second, all three Plaintiffs in this matter were parties to the prior litigation, and thus,

---

[7] As noted earlier, the State Court took judicial notice of an order issued on August 16, 2010 requiring Plaintiff Lewis "to convey any and all interest in the Subject Property to George A. Castro and Luis E. Castro." *Ex. C to Kondaur's Motion* [#16-3] at 3.

"the party against whom estoppel is asserted was a party to or is in privity with a party to the prior proceeding." *See Ex. C to Kondaur's Motion* [#16-3] at 1 (showing that Plaintiffs Luis Castro and George Castro were defendants in the prior action and that Plaintiff Lewis was a third-party defendant in the prior action); *In re Tonko*, 154 P.3d at 405.

Third, the opinion by the State Court judge refers to the evidence, arguments, and statements of counsel which led to her Findings of Fact, Conclusions, and Final Decree of Reformation; thus, "there was a final judgment on the merits in the prior proceeding." *See Ex. A-1 to Chapman's Motion* [#5-1] at 2 (Findings of Fact, Conclusions and Entry of Final Decree of Reformation); *In re Tonko*, 154 P.3d at 405. The final judgment issued by the State Court in that matter essentially did two things: 1) it reformed the Deed of Trust, ruling that both Plaintiffs Luis Castro and George Castro were signatories to the Deed of Trust and making the signing retroactively effective as of September 13, 2006 (the date Plaintiff Luis Castro signed the Deed of Trust), and 2) the judgment determined the priority of those who claimed an interest in the Property, including Defendant Kondaur. *Id.* at 4. Thus, the issue of Defendant Kondaur's legal interest in the Property was essential to the final judgment entered by the State Court judge.

Fourth, the parties against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding. *In re Tonko*, 154 P.3d at 405. Under Colorado law, factors to be considered include "whether the remedies and procedures in the first proceeding are substantially different from the proceeding in which collateral estoppel is asserted, whether the party in privity in the first proceeding has sufficient incentive to vigorously assert or defend the position of the party against which collateral estoppel is asserted, and the extent to which the issues are identical." *In re*

*Water Rights of Elk Dance Colo., LLC*, 139 P.3d 660, 669 (2006).  Plaintiff George A. Castro testified at the hearing on November 23, 2010, from which the State Court judge determined the rights of the parties to the Property.[8]  *See Ex. A-1 to Chapman's Motion* [#5-1] at 2-3 (Findings of Fact, Conclusions and Entry of Final Decree of Reformation).  In the Findings of Fact, Conclusions and Entry of Final Decree of Reformation, the State Court judge detailed her review of the documents and evidence to conclude that Defendant Kondaur had an interest in the Property.  *See Ex. A-1 to Chapman's Motion* [#5-1] at 2-3 (Findings of Fact, Conclusions and Entry of Final Decree of Reformation).  Thus, Plaintiffs had a full and fair opportunity to litigate the issue raised again here.

Accordingly, the Court finds that collateral estoppel applies to the issue of whether Defendant Kondaur had a valid interest in the Property.  As stated, Plaintiffs' FDCPA claims are all premised <u>solely</u> upon Plaintiffs' assertion that Defendant Kondaur had no interest in the Property.   Because the State Court determined that Defendant Kondaur had an interest in the property, collateral estoppel prevents the Court from readdressing this issue. Plaintiffs' FDCPA claims accordingly fail, and the Court **recommends** that Plaintiffs' FDCPA claims be dismissed.

---

[8]  Plaintiff Lewis contends that he did not appear at the hearing, and thus the outcome of the State Court hearing cannot be applied to him.  *See Response to Kondaur's Motion* [#34] at 9. Although he did not attend the hearing, he was in privity with Plaintiff George Castro, his alleged co-owner, who did attend and litigate the matter.  *See Goldsworthy v. Am. Family Mut. Ins. Co.*, 209 P.3d 1108, 1116 (Colo. App. 2008) (stating that an absent party "is adequately represented for preclusion purposes if the interests of the [absent party] and his or her representative are aligned, and the procedure applied by the original court fairly ensured the protection of the interests of the nonparty" (citing *Taylor v. Sturgell*, 553 U.S. 880, 900 (2008)).  Therefore, Plaintiff Lewis' interests were protected, and he must be bound by a decision on the issue.  "Just as they receive the fruits of victory, so an adverse decision is conclusive against them."  *Goldsworthy*, 209 P.3d at 1118 (quoting *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.,* 333 F.3d 763, 768 (7th Cir. 2003)).

C.     **State Law Claims**

Finally, Plaintiff brings two state law claims: misrepresentation and conspiracy. Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." *See also Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (stating that once "the bases for federal subject matter jurisdiction have been extinguished . . . , the district court may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state claims"). Here, having recommended dismissal of Plaintiffs' federal claims, the Court further recommends that the District Judge decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

### IV. Recommendation for Dismissal

Accordingly, the Court respectfully **RECOMMENDS** finding that Defendants' Motions [#5, #8, #11, #16] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that the federal claims in Plaintiffs' Complaint [#1] be **DISMISSED with prejudice** and that the state law claims in Plaintiffs' Complaint [#1] be **DISMISSED without prejudice**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  August 14, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge